## PROMISSORY NOTE
(Revolver Note)

$2,998,769.52                                                                                          June 15, 2017
                                                                                                        Tulsa, Oklahoma

   FOR VALUE RECEIVED, **NBI PROPERTIES, INC.**, an Oklahoma corporation, **N B I SERVICES, INC.**, an Oklahoma corporation, and **NICHOLS BROTHERS, INC.**, an Oklahoma corporation (collectively, the "Borrowers"), hereby jointly and severally promise to pay to the order of **VALLEY NATIONAL BANK**, a national banking association ("VNB"), at the principal banking offices of CrossFirst Bank (the "Agent") in Tulsa, Oklahoma, in lawful money of the United States of America, the principal sum of **TWO MILLION NINE HUNDRED NINETY-EIGHT THOUSAND SEVEN HUNDRED SIXTY-NINE AND 52/100 DOLLARS ($2,998,769.52)**, or so much thereof as shall have been advanced hereunder and remains unpaid as a result of draws made from time to time pursuant to the Revolving Credit Commitment (as defined in the Credit Agreement) at the final maturity date on October 15, 2018, together with interest thereon from the date hereof on the unpaid balance of principal from time to time outstanding and on any past due interest at the variable annual rate of interest hereinafter specified (including any accrued but unpaid interest on the Prior Note herein defined), which interest is due and payable as it accrues on the fifteenth (15th) day of each calendar month, commencing July 15, 2017, through and including October 15, 2017 (the final maturity date).

   The rate of interest payable upon the indebtedness evidenced by this Note shall be a variable annual rate of interest equal from day to day to the Applicable Prime Rate *plus* twenty five basis points (0.25%), but in no event less than a per annum contract rate of interest of 3.50%. Any change in the Applicable Prime Rate shall be effective with respect to this Note as of the date upon which any change in such rate of interest shall be announced. Interest shall be computed on the basis of a year of 360 days but assessed for the actual number of days elapsed. For the purposes of this Note, "Applicable Prime Rate" and other capitalized terms used but not defined herein shall have the meaning assigned to that term in the Credit Agreement.

   After default in the payment of any amount of principal or interest owing hereunder on the scheduled due date thereof (whether on maturity, acceleration or otherwise) or upon the occurrence of any Event of Default as described in that certain Revolving Credit Agreement between and among the Borrowers, the Lenders signatory parties thereto (including VNB) and the Agent, as administrative agent and collateral agent for the Lenders, dated effective as of December 18, 2014, as amended by the First Amendment thereto dated effective as of June 19, 2015, as further amended by the Second Amendment thereto dated as of November 20, 2015, as further amended by the Third Amendment thereto dated as of June 30, 2016, and as further amended by the Fourth Amendment thereto dated as of December 15, 2016, as further amended by the letter agreement dated as of April 18, 2017, and as further amended by the Fifth Amendment thereto dated as of even date herewith (together with any and all further amendments, supplements and modifications thereof being collectively referred to as the "Credit Agreement"), the unpaid principal amount hereof shall bear interest computed at a variable annual rate equal from day to day to the Default Rate, but in no event at a rate which is greater than permitted by law. Upon default in the payment of any amount of interest payable

**EXHIBIT 2-C**

hereunder, such interest shall, to the full extent permitted by law, bear interest at the same rate as principal.

This Note is made pursuant to the Credit Agreement and is one of the Revolver Notes described therein. The Credit Agreement contains, among other things, provisions for acceleration of the maturity hereof upon the events, terms and conditions therein specified, semi-annual redeterminations of the Collateral Borrowing Base, application of the MCR, other limitations on the amounts available to Borrowers hereunder, and provisions for voluntary and mandatory prepayments hereof. This Note and the amount of Revolving Credit Loan advances available hereunder are in all respects subject to the Collateral Borrowing Base provisions of Article IV of the Credit Agreement, the Revolver Commitment Amount and application of the MCR. Prior to final maturity, the Borrowers may borrow, repay and reborrow hereunder at any time and from time to time as provided in the Credit Agreement.

This Note is secured by the Collateral described in the Credit Agreement and the Security Instruments described and defined in the Credit Agreement (collectively, the "Security Instruments") which have been executed by Borrowers and certain of the Mortgagor Affiliates and delivered to Agent for the benefit of the Lenders. Reference is hereby made to the Security Instruments for a description of the property, assets and interests thereby mortgaged, conveyed, pledged and/or assigned, as the case may be, the nature and extent of the security thereunder and the security interests carried forward or created thereby, and the rights of VNB (or the holder of this Note) and Borrowers in respect thereof. This Note is cross-collateralized and cross-defaulted with the other Revolver Notes described and defined in the Credit Agreement.

Should the indebtedness represented by this Note or any part thereof be collected at law or in equity or in bankruptcy, receivership or other court proceedings or this Note be placed in the hands of attorneys for collection after default, Borrowers agree to pay hereunder, in addition to the principal and interest due and payable hereon, reasonable attorneys fees, court costs and other collection expenses incurred by the holder hereof.

Borrowers hereby waive presentment for payment, demand, notice of nonpayment, protest and notice of protest with respect to any payment hereunder and agree to any extension of time with respect to any payment due hereunder, to any substitution or release of the security or collateral described in the Security Instruments and to the addition or release of any party liable hereunder. No delay on the part of the holder hereof in exercising any rights hereunder shall operate as a waiver of such rights.

Upon the occurrence of any default hereunder, VNB shall have the right, immediately and without further action by it, to set off against this Note all money owed by VNB in any capacity to the maker or any other person who is or might be liable for payment hereof, whether or not due, and also to set off against all other liabilities of the maker to VNB, all money owed by VNB in any capacity to each or any maker; and VNB shall be deemed to have exercised such right of setoff and to have made a charge against such money immediately upon the occurrence of such default even though such charge is made or entered into the books of VNB subsequently thereto.

This Note is a renewal, extension and modification of that certain $3,156,763.06 Promissory Note from Borrowers payable to the order of VNB dated as of December 15, 2016 (the "Prior Note"), but is not a novation, cancellation or extinguishment of the indebtedness evidenced thereby.

This Note shall be construed and enforced in accordance with and governed by the laws of the State of Oklahoma. The provisions of the Credit Agreement concerning jurisdiction, venue and waiver of jury trial as set forth in Sections 11.5, 11.6 and 11.11 thereof, and in the above-referenced Fifth Amendment to Revolving Credit Agreement, are incorporated herein by reference and made a part hereof for all purposes to the fullest extent permitted by applicable law with the same force and effect as it fully set forth herein and repeated herein verbatim.

[Signature Page Follows.]

      This Note is executed and delivered to the order of VNB by the undersigned duly authorized corporate officer of the Borrowers, in Tulsa, Oklahoma, pursuant to all necessary consents, actions and approvals of the board of directors of the Borrowers.

BORROWERS:

NBI PROPERTIES, INC.,
N B I SERVICES, INC., and
NICHOLS BROTHERS, INC.,
each an Oklahoma corporation

By: _____
     Richard J. Nichols, President

Due: October 15, 2017

4